IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAN McCRAVEN, Guardian of the Person         PLAINTIFF
and Estate of STEVEN McFARLAND
an Incapacitated Person

v.                    Case No. 6:07-cv-6019

LARRY SANDERS, *et al*                        DEFENDANTS

## ORDER

**BEFORE** the Court is the Motion to Compel (Doc. No. 33) of Separate Defendants Nick Dodd and the City of Hot Springs, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Robert T. Dawson referred the Motion to Compel to the undersigned for decision.  (Doc. No. 35).  The Court has reviewed the Motion to Compel, Memorandum in Support (Doc. No. 34) , and Plaintiff's' Response to Motion to Compel (Doc. No. 36) and finds as follows:

**1.  Background**:

Plaintiff filed suit in this matter seeking compensation for injuries sustained on February 13, 2007, while in custody at the Garland County Detention Center ("GCDC"), located in Hot Springs, Arkansas. Plaintiff alleges that Steven McFarland has serious health problems resulting from the incident described in her complaint.  Following the incident, and allegedly as a result of injuries sustained on February 13, 2007 at the GCDC, Mr. McFarland received medical care at the John L. McClelland Memorial Veterans Hospital in Little Rock, Arkansas, and at the Michael E. Debakey V.A. Medical Center in Houston, Texas.  Plaintiff seeks damages for pain, suffering, mental anguish,

brain injuries, and physical injuries suffered by Mr. McFarland during the incident, as well as for medical bills Mr. McFarland has incurred.

As part of the discovery process in this litigation, Separate Defendants Dodd and the City of Hot Springs seek production of Mr. McFarland's medical records and bills from the John L. McClelland Memorial Veterans Hospital and the Michael E. Debakey V.A. Medical Center. The Separate Defendants state they requested medical records from these medical care providers on October 22, 2007. Counsel for the Separate Defendants asserts that during the week of January 14, 2008, she was contacted by both medical facilities and informed that neither facility would release Mr. McFarland's medical records without a court order. The Separate Defendants now seek an order from this Court compelling both medical facilities to produce the requested records.

Plaintiff has responded and states that Plaintiff has provided a medical authorization form to the Defendants. Plaintiff further states that she has no objection to the entry of an "Order for the release of records only [not ex parte communications with physicians]."

**2. Discussion**:

The Separate Defendants do not appear to have conducted any formal discovery in an attempt to obtain the desired medical records. Rather, a letter request accompanied by Plaintiff's executed medical authorization was mailed to the two medical care providers on October 22, 2007. (Doc. No. 33, exhibits A and B). Neither the John L. McClelland Memorial Veterans Hospital or the Michael E. Debakey V.A. Medical Center are parties to this litigation. The John L. McClelland Memorial Veterans Hospital is located in Little Rock, Arkansas, in the Eastern District of Arkansas. The Michael E. Debakey V.A. Medical Center is located in Houston, Texas, in the Southern District of Texas.

The Separate Defendants offer no authority for the proposition that this Court can enter an order compelling the production of documents from a nonparty located outside the Western District of Arkansas.  Because Separate Defendant seeks an order compelling production, the Court first turns to F. R. Civ. P. 37.   Rule 37 provides in part:

> **(a) Motion for an Order Compelling Disclosure or Discovery**.
>
> **(1) In General**. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> **(2) Appropriate Court**. A motion for an order to a party must be made in the court where the action is pending. ***A motion for an order to a nonparty must be made in the court where the discovery is or will be taken***. (emphasis added).

Because both of the medical care providers are nonparties and both of them are located in districts other than the Western District of Arkansas, Separate Defendants must seek any order to compel discovery in the district where the nonparty is located and the medical records are or will be produced.

Further, if the person from whom discovery is sought is not a party to the litigation, production of documents can be compelled only by a subpoena *duces tecum* issued under Rule 45 of the Federal Rules of Civil Procedure. *See Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1341-43 (8th Cir. 1975).  Rule 45 states in part:

> **(a) In General**.
> . . .
> **(2) Issued from Which Court. A subpoena must issue as follows**:
> . . .
> **(C)** for production or inspection, if separate from a subpoena commanding a person's attendance, ***from the court for the district where the production or inspection is to be made***.

> . . .
>
> **(3) Issued by Whom**. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of:
>
> . . .
>
> **(B)** *a court for a district where a deposition is to be taken or production is to be made*, if the attorney is authorized to practice in the court where the action is pending.  (emphasis added).

The Separate Defendants do not appear to have requested medical records from either medical care provider in compliance with this rule. No attempt to serve a subpoena *duces tecum,* issued by the appropriate court, on the medical care providers has been made by the Separate Defendants.

The Motion to Compel of Separate Defendants Nick Dodd and the City of Hot Springs (Doc. No. 33), should be denied, as it was not filed in the appropriate judicial district.

**IT IS THEREFORE ORDERED** Separate Defendant's Motion to Compel Discovery (Docket # 33) is in all respects **DENIED**.

**DATED** this 14th **day of February, 2008.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE