```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

JAN MCRAVEN, Guardian of the Person
and Estate of Steven McFarland,
an Incapacitated Person                           PLAINTIFF

v.                      CASE NO. 6:07-cv-06019

JUDY MCMURRIAN,
RONALD RADLEY, DAN ANSLEY,
JOHN DODGE, J.D. HENRY,
and TOMMY L. HARMON                              DEFENDANTS

## O R D E R

On this 1st day of December 2009, there comes on for consideration Defendants' Second Motion in Limine; Plaintiff's Motion in Limine to Exclude Dr. James "Butch" Tutton as an Expert Witness; Plaintiff's Third Motion in Limine; Plaintiff's Renewed Motion for Twelve-Person Jury; and other issues raised at the pretrial conference.

**I.   Defendants' Second Motion in Limine**

The Court has denied Defendants' Second Motion in Limine to exclude evidence relating to the termination of Tommy Harmon. At the pretrial conference, Defendants requested clarification on Plaintiff's ability to use information in Harmon's personnel file that post-dates the incident of February 13, 2007. In this regard, Plaintiff will be prohibited from introducing evidence of specific instances of misconduct that occurred after the events in question. However, Plaintiff will be permitted to introduce evidence of a general nature relating to Harmon's job performance, though it may post-date the events question, if the evidence is connected temporally to the present controversy. For

example, a job evaluation dated March 1, 2007, for the period that includes February 13, 2007, would be admissible while a specific instance of misconduct that occurred on July 2, 2007, would be inadmissible.  If there is any question regarding the admissibility of a particular portion of Harmon's personnel file, the parties are instructed to approach the bench for a ruling.

### II.  Plaintiff's Motion in Limine to Exclude Dr. James "Butch" Tutton as an Expert Witness

Plaintiff objects that Defendants have not provided the expert disclosures required under Federal Rule 26(a)(2) of Civil Procedure for Dr. James Tutton.  The Court's primary concern with respect to the Rule 26(a)(2) disclosures is whether Plaintiff has notice of the topics about which Defendants' expert will testify.  Thus, the Court will permit Defendants to call Dr. Tutton if Plaintiff is given a reasonable opportunity to depose him prior to his being called as a witness at trial.  Therefore, Plaintiff's Motion is provisionally **DENIED.**

### III. Plaintiff's Third Motion in Limine

The Court has provisionally granted Plaintiff's Motion in Limine with respect to the exclusion of medical records from Steven McFarland's youth and adolescence.  Per Defendants' request, the Court hereby clarifies its ruling.  We will permit Defendants to utilize the fact that Steven McFarland was admitted to the hospital for a drug overdose on January 17, 2007, and subsequently attended drug rehabilitation for the limited purpose of impeaching Jan

McRaven and questioning Dr. Charles Venus about McFarland's life expectancy.  Consistent with the Court's prior ruling, the medical records themselves remain inadmissable.  Further, the information concerning McFarland's prior drug overdose cannot be utilized to support the contention that Defendants were not the proximate cause of McFarland's injury.

**IV. Plaintiff's Renewed Motion for Twelve-Person Jury**

Plaintiff requests a jury of twelve members.  As her basis, she points out that numerous county officials will testify and be present during the trial.  She states that these individuals could attempt to influence the outcome of this case, and therefore, a larger jury panel is needed to ensure justice.  Because this case implicates a broader political context that could lead to prejudice, Plaintiff's Motion is **GRANTED**.

**V.   Other Issues**

During the pretrial conference, Plaintiff raised two additional issues.  First, she stated that Arkansas State Trooper Forest Marks may attempt to return a firearm seized from Steven McFarland while McFarland is present in the courtroom.  Firearms are not permitted in the courthouse, and any attempt to return McFarland's firearm will not be permitted.  Second, Plaintiff stated that the word "Neo-Nazi" appears on a post-arrest inventory of McFarland's automobile.  In order for this inventory to be introduced into evidence, this word must be redacted because it is

irrelevant to the issues in this case and highly prejudicial.

**VI. Conclusion**

For the reasons stated above, Defendants' Second Motion in Limine is clarified with respect to Plaintiff's ability to utilize information in Tommy Harmon's personnel file; Plaintiff's Motion to Exclude Dr. James "Butch" Tutton is provisionally **DENIED**; Plaintiff's Third Motion in Limine is clarified with respect to referencing a drug overdose on January 17, 2007; and Plaintiff's Renewed Motion for Twelve-Person Jury is **GRANTED**.  The Court further holds that Trooper Marks will not be permitted to bring a firearm into the courthouse and that any "Neo-Nazi" references must be redacted from the police inventory of Steven McFarland's automobile.

IT IS SO ORDERED this 1st day of December 2009.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge