```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                HOT SPRINGS DIVISION

JAN MCRAVEN, GUARDIAN OF THE PERSON
AND ESTATE OF STEVEN MCFARLAND,
AN INCAPACITATED PERSON                            PLAINTIFF

     vs.                  CASE NO. 07-6019

JUDY MCMURRIAN; RONALD
RADLEY; DAN ANSLEY;
JOHN DODGE; J.D. HENRY; AND
TOMMY L. HARMON                                   DEFENDANTS
```

**O R D E R**

On December 1, 2009, this matter came on for trial to a duly selected jury. The trial continued until December 4, 2009, when the case was submitted to the jury. On December 5, 2009, the jury reached a unanimous verdict as to each Separate Defendant. The jury found, by general verdict, that Jan McRaven, as guardian of the person and estate of Steven McFarland, proved her claim for denial of medical care against Separate Defendant Dan Ansley and Separate Defendant Tommy Harmon by a preponderance of the evidence. It assessed compensatory damages in the amount of $5,000,000 and punitive damages against each Defendant in the amount of $100,000.

Currently before the Court is Plaintiff's Motion for Declaratory Judgment (doc. 111) and Defendants' response. (Doc. 113). For her motion, Plaintiff seeks declaration that the medical policy at the Garland County Detention Center is constitutionally inadequate. She asks the Court to order Garland County Detention Center employees, medical staff, and officers to implement certain remedial measures-including periodic checks of pre-trial detainees

suspected of narcotics overdose, universal CPR training, and installation of electric defibrillator machines–to bring the detention center's medical policy into constitutional compliance. Because the official policies at the Garland County Detention Center were not at issue during the trial of this matter and because the general verdict rendered by the jury will not support the relief Plaintiff requests, Plaintiff's motion is **DENIED**.

## I. Official Policy

On October 21, 2008, this Court issued its Memorandum Opinion and Order (doc. 71) wherein it granted Defendants' Motion for Summary Judgment (doc. 49) as to official-capacity liability under 42 U.S.C. § 1983.  For a county to be liable under § 1983, the county itself, through its policy or custom, must cause the constitutional violation at issue.  *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978).  Further, a county may incur § 1983 liability if a failure to train its law enforcement officers causes a constitutional violation.  *Warren v. City of Lincoln, Neb.*, 816 F.2d 1254, 1263 (8th Cir. 1987).  Thus, in ruling on summary judgment, the Court determined, and discussed at length, that the official-capacity Defendants had demonstrated that there was no genuine issue of material fact in dispute and that they were entitled to judgment as a matter of law with respect to: (1) whether an official policy or custom caused the constitutional violation suffered by Steven McFarland and (2) whether the

municipality's failure to train its employees caused the constitutional violation suffered by Steven McFarland.

Plaintiff now asks this Court to find and declare that:

a. The medical policies that Defendants Ansley and Harmon were acting under at the Garland County Detention Center were constitutionally inadequate under § 42 U.S.C. 1983.

b. Specifically, the Garland County Detention Center medical policy fosters deliberate indifference to the serious medical needs of inmates and pre-trial detainees at the center, in that [it does] not provide for the adequate evaluation, observation and care for inmates suspected of drug or chemical overdose, creating a dangerous risk that such inmates will suffer medical emergencies.

(Doc. 111). The Court determined the constitutional adequacy of the Garland County Detention Center medical policy at the summary judgment stage of this proceeding. Thus, under the law of the case, Plaintiff is not entitled to the relief she now seeks. Further and as a result, Plaintiff seeks relief against official-capacity Defendants that are no longer parties to this action; the Court cannot grant such relief. *Butler v. Dowd*, 979 F.2d 661, 673 (8th Cir. 1992) ("In order for the court to have jurisdiction to grant declaratory relief, there must be an 'actual controversy' *between the parties*.") (emphasis added). Therefore, Plaintiff's motion is **DENIED**.

### II. Scope of Verdict

Plaintiff contends that the jury's general verdict in this case supports her claim for declaratory judgment. According to Plaintiff's argument, the jury determined that Separate Defendants

Ansley and Harmon were deliberately indifferent to Steven McFarland's serious medical needs while he was at the Garland County Detention Center. Based on the Court's instruction to the jury that intentional delay in rendering medical treatment could show deliberate disregard if "the actions of the officers are so dangerous that a knowledge of the risk may be presumed," Plaintiff argues that the jury necessarily found that Separate Defendants Ansley and Harmon operated under a medical policy that was so dangerous that their knowledge of the risks associated with the policy may be presumed. Plaintiff concludes that based on this finding, the Court can render declaratory judgment in her favor.

The case submitted to the jury was against the Defendants in their individual capacities. As a result, any necessary finding by the jury in support of its general verdict relates only to the individual actions or inactions of Separate Defendants Ansley and Harmon. While Plaintiff correctly points out that the jury determined they were deliberately indifferent to Steven McFarland's medical needs, there is nothing to indicate or compel the conclusion that the jury made a finding with respect to the Garland County Detention Center's medical policy. Indeed, a conclusion regarding the medical policy was in no way required for the jury to assess individual liability; deliberate indifference on the part of individuals can co-exist with an official policy that passes constitutional muster. *Mettler v. Whitledge*, 165 F.3d 1197, 1204

(8th Cir. 1999) (recognizing that a municipality may not be held vicariously liable for the unconstitutional acts of employees). Therefore, Plaintiff's motion is **DENIED**.

### III. Conclusion

For reasons recited herein, Plaintiff's Motion for Declaratory Judgment (doc. 111) is **DENIED**.

IT IS SO ORDERED this 29th day of December 2009.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge