```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

JAN MCRAVEN, Guardian of the Person
and Estate of Steven McFarland,
an Incapacitated Person                                PLAINTIFF

v.                    CASE NO. 6:07-cv-06019

JUDY MCMURRIAN,
RONALD RADLEY, DAN ANSLEY,
JOHN DODGE, J.D. HENRY,
and TOMMY L. HARMON                                    DEFENDANTS

## JUDGMENT

On December 1, 2009, this matter came on for trial to a duly selected jury consisting of twelve members, the Honorable Robert T. Dawson presiding. The trial continued until December 4, 2009, when the case was submitted to the jury. On December 5, 2009, the jury reached a unanimous verdict as to each Separate Defendant. The jury completed the verdict form as follows:

Do you, the Jury, find that plaintiff has proven her claim for denial of medical care by a preponderance of the evidence against: [check the applicable answer]

    1. Separate Defendant Judy McMurrian?

        _____Yes                          \_\_X\_\_\_No

    2. Separate Defendant Ronald Radley?

        _____Yes                          \_\_X\_\_\_No

    3. Separate Defendant Dan Ansley?

        \_\_X\_\_\_Yes                          _____No

    4. Separate Defendant John Dodge?

        _____Yes                             \_\_X\_\_No

    5. Separate Defendant J.D. Henry?

        _____Yes                             \_\_X\_\_No

    6. Separate Defendant Tommy Harmon?

        \_\_X\_\_Yes                             _____No

Because the jury found that Jan McRaven, as guardian of the person and estate of Steven McFarland, proved her claim against Separate Defendant Dan Ansley and Separate Defendant Tommy Harmon by a preponderance of the evidence, it assessed damages as follows:

ACTUAL OR NOMINAL DAMAGES

If you have answered "yes" to any question on the verdict form, you must assess the actual or nominal damages suffered by plaintiff.

    Actual or Nominal Damages:            $5,000,000.00

PUNITIVE DAMAGES

If you have answered "yes" to any question on the verdict form, you may determine that it is proper to award punitive damages. You may award punitive damages against a defendant **only** if you have first found against that individual defendant and awarded the plaintiff actual or nominal damages.

Punitive Damages against Judy McMurrian: $_____

Punitive Damages against Ronald Radley: $_____

Punitive Damages against Dan Ansley:     $100,000.00

Punitive Damages against John Dodge:     $_____

Punitive Damages against J.D. Henry:     $_____

Punitive Damages against Tommy Harmon:   $100,000.00

In accordance with this verdict, it is HEREBY ORDERED AND ADJUDGED that Plaintiff should have and recover of and from Separate Defendant Dan Ansley and Separate Defendant Tommy Harmon, jointly and severally, compensatory damages in the amount of $5,000,000. It is further ORDERED AND ADJUDGED that Plaintiff should have and recover of and from Separate Defendant Dan Ansley punitive damages in the amount of $100,000 and that Plaintiff should have and recover of and from Separate Defendant Tommy Harmon punitive damages in the amount of $100,000. Interest as to all damages shall accrue from the date of this judgment until paid at the current post-judgment interest rate of 0.41% per annum. Finally, it is ORDERED AND ADJUDGED that Separate Defendant Judy McMurrian, Separate Defendant Ronald Radley, Separate Defendant John Dodge, and Separate Defendant J.D. Henry are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 30th day of December 2009.

                                        */s/ Robert T. Dawson*
                                        Honorable Robert T. Dawson
                                        United States District Judge