IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAN MCRAVEN, Guardian of the Person
and Estate of Steven McFarland,
an Incapacitated Person                                    PLAINTIFF

v.                       CASE NO. 6:07-cv-06019

JUDY MCMURRIAN,
RONALD RADLEY, DAN ANSLEY,
JOHN DODGE, J.D. HENRY,
and TOMMY L. HARMON                                        DEFENDANTS

**O R D E R**

Currently before the Court is the Motion for New Trial as Provided by Rule 59; or in the Alternative, Motion for Directed Verdict and for Judgment Notwithstanding Verdict as Provided by Rule 50 on Behalf of Separate Defendants Tommy L. Harmon and Dan Ansley (doc. 117) and Plaintiff's response. For their motion, Defendants Harmon and Ansley contend that the evidence presented at trial, based on the applicable law, is legally insufficient to support the jury's verdict against them. This argument is made with respect to Plaintiff's claim for denial of medical care, the jury's award of punitive damages, and the Court's finding, as affirmed by the Eighth Circuit Court of Appeals, that Defendants are not entitled to qualified immunity.

When a motion for a new trial under Federal Rule 59 is based on the assertion that the verdict is against the weight of the evidence, "the authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court." *Norton v. Caremark, Inc.,* 20 F.3d 330, 334 (8th Cir. 1994)

(internal quotation omitted). Where reasonable minds can differ in evaluating credible evidence, a new trial based on the weight of the evidence should not be granted. *Jacobs Mfg. Co. v. Sam Brown Co.*, 19 F.3d 1259, 1267 (8th Cir. 1994). Somewhat similarly, a motion for directed verdict or a motion for judgment notwithstanding the verdict should only be granted if the jury's verdict is utterly lacking in evidentiary support. *In re Prempro Products Liability Litigation*, 586 F.3d 547, 572 (8th Cir. 2009). When evaluating a Rule 50 motion, the district court should construe the evidence most favorably to the prevailing party and draw all inferences in its favor, denying the motion "if reasonable persons could differ as to the conclusions to be drawn from the evidence." *Western American, Inc. v. Aetna Cas. and Sur. Co.*, 915 F.2d 1181, 1183 (8th Cir. 1990). Defendants have failed to show that their motion should be granted based on application of these standards.

In the present case, Plaintiff presented sufficient evidence during the four-day trial to allow a reasonable jury to conclude that Defendants Harmon and Ansley violated Steven McFarland's constitutional rights by denying him medical care. The evidence, in its totality and after review, supports the jury's conclusion that a host of failures, omissions, and affirmative misconduct by Defendant-employees of the Garland County Detention Center ("GCDC") constituted deliberate indifference. It further supports the

jury's conclusion that Defendants acted with reckless indifference to McFarland's needs over the course of his more than seven-hour stay at the GCDC. The jury was presented with numerous witnesses and exhibits, which it undoubtedly considered in detail during its two days of deliberation. It is not for this Court to simply set aside the jury's verdict because Defendants argue a different conclusion should have been drawn from the evidence. Finally, this Court has held, and the Eighth Circuit has affirmed, that Defendants are not entitled to qualified immunity. The evidence presented at trial does not change this conclusion and does not serve as a basis for disturbing the jury's verdict. For these reasons, the Motion for New Trial as Provided by Rule 59; or in the Alternative, Motion for Directed Verdict and for Judgment Notwithstanding Verdict as Provided by Rule 50 on Behalf of Separate Defendants Tommy L. Harmon and Dan Ansley (doc. 117) is **DENIED**.

    IT IS SO ORDERED this 11th day of February 2010.

                                  /s/ Robert T. Dawson
                                  Honorable Robert T. Dawson
                                  United States District Judge