```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION
```

```
JAN MCRAVEN, GUARDIAN OF THE PERSON
AND ESTATE OF STEVEN MCFARLAND,
AN INCAPACITATED PERSON                              PLAINTIFF


        vs.              CASE NO. 07-6019


JUDY MCMURRIAN; RONALD
RADLEY; DAN ANSLEY;
JOHN DODGE; J.D. HENRY; AND
TOMMY L. HARMON                                     DEFENDANTS
```

**O R D E R**

Currently before the Court is Plaintiff's Petition for Attorney's Fees and Costs. (Doc. 119). For her petition, Plaintiff seeks attorney's fees of $162,090.83 and costs of $24,320.91. Separate Defendants Dan Ansley and Tommy Harmon have responded with specific objections to Plaintiff's petition (doc. 133), and Plaintiff has replied. (Doc. 137). For reasons that follow, Plaintiff's petition is **GRANTED IN PART AND DENIED IN PART**.

    **A.  Attorney's Fees**

Plaintiff seeks an award of attorney's fees as the prevailing party in civil rights litigation. 42 U.S.C. § 1988. Defendants do not contest whether Plaintiff is entitled to a fee. However, Defendants state that: (1) the hourly rate used to compute Mr. Welch's fee is excessive; (2) three lawyers represented Plaintiff at trial when one would have been sufficient based on the

complexity of the case;[1] and (3) Plaintiff enjoyed only limited success on her claim.  Defendants place special emphasis on their third objection.

The Court has discretion when determining the amount of attorney's fees to award in a suit brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988.  "[I]n determining attorney fees, the district court should ordinarily award the number of hours claimed, multiplied by the attorney's regular hourly rate.  If, however, the district court finds that a lesser amount is appropriate, it may reduce the award, provided that the court states its reasons for so doing."  *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645, 647 (8th Cir. 1981).  When assessing the fees to be awarded, the Court must consider the degree of success obtained by the plaintiff. *Fish v. St. Cloud State University*, 295 F.3d 849, 852 (8th Cir. 2002).  According to the Eighth Circuit Court of Appeals,

> The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole . . . .  If the plaintiff has won excellent results, he [or she] is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he [or she] did not win . . . .  If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained.

*Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000) (quoting *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 718 (8th

---

[1] Defendants' objection is broader, at least in part.  They state that four lawyers working on this case was unnecessary.  However, they make no specific objection to any item of duplicative work prior to the trial.

Cir. 1997)).

Plaintiff filed her complaint on April 2, 2007, against ten Defendants. She voluntarily dismissed two of these Defendants prior to the filing of dispositive motions. At the summary judgment stage of litigation and following discovery, the Court granted judgment in favor of two Defendants. At trial, Plaintiff obtained judgment against two of the remaining six Defendants. Thus, Plaintiff ultimately failed to prevail against eight of the individuals she originally sued.

The Court recognizes that a portion of the time devoted to a case by counsel is fixed, and therefore, does not vary based on the number of defendants. Certain depositions must be taken and certain court filings must be made irrespective of the number of individuals named in the complaint. Thus, for instance, irrespective of which or how many officials from the Garland County Detention Center Plaintiff named in her complaint, Plaintiff had to produce expert medical testimony in support of her claim. Further, Plaintiff's naming of Defendants who were dismissed prior to the dispositive motion deadline presumably had a minimal incremental impact on the work done in this case. These recognitions force the Court to address Defendants' remaining objections to Plaintiff's fee request.

Defendants state that Mr. Welch's hourly rate of $350 is excessive for a civil rights case in the Hot Springs area. The

Court, based on its experience, agrees with this assessment. The present case was well tried, but it was neither novel nor complex. *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 575 n.9 (8th Cir. 1996). Defendants further object that Plaintiff was represented at trial by three lawyers when one would have been sufficient. Again, this case was neither novel nor complex, and Defendants should not be forced to compensate Plaintiff for the duplicative work provided by additional counsel. *Bowman v. Pulaski County Special School Dist.*, 723 F.2d 640, 646 (8th Cir. 1983).

To arrive at a proper fee award, the Court must balance those factors that weigh in favor of a reduction against those that do not. In particular, the Court must weigh Plaintiff's limited success in this case, the fact that Mr. Welch's proposed hourly rate is somewhat excessive, and the presence of duplicative counsel at trial against the fixed costs of litigating a case of this nature. The Court finds that on balance, a fee of twenty-five percent (25%) of that requested by Plaintiff is appropriate. Therefore, the Court awards Plaintiff fees in the amount of $40,522.71.

### B. Costs

Plaintiff seeks to recover costs as the prevailing party in this litigation. Defendants generally concede that the majority of the costs requested by Plaintiff are proper. However, Defendants

object to the following costs: (1) $2,795 for Jury Trial Support - Camera Work, Inc.; (2) $2,812.66 for review of materials by Dr. Eugene Miller, who did not testify at trial; (3) $1,218.75 for "Expert Fee: RSVP;" and (4) charges of $528.14 and $437.71 for one night in a hotel in St. Louis.  In her reply, Plaintiff withdrew her cost request for review of materials by Dr. Eugene Miller and for "Expert Fee: RSVP."  These costs will not be awarded by the Court.

"The district court has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. § 1920 ('A judge . . . may tax as costs the following . . .') and Fed.R.Civ.P. 54(d) ('costs shall be allowed as of course to the prevailing party unless the court otherwise directs')." *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992).  The Court has reviewed the materials submitted by Plaintiff in support of her request for costs.  The Court finds that her request of $2,795 for Jury Trial Support - Camera Work, Inc. is proper.  Technological support for the creation of exhibits and operation of complex equipment is a standard cost in modern litigation and will be awarded.  The Court further finds that charges of $528.14 and $437.71 are reasonable for Plaintiff's counsels' stay in a St. Louis hotel. Plaintiff has demonstrated to the Court that the hotel selected by her counsel is recommended by the Eighth Circuit Court of Appeals as it is across the street from the federal courthouse.  Further, she has

demonstrated that a large conference was being conducted nearby while counsel were in St. Louis, and as a result, room rates were likely higher than normal. Based on the previous, the Court will award costs of $20,289.50.

### C. Conclusion

For the previously stated reasons, Plaintiff's Petition for Attorney's Fees and Costs is **GRANTED IN PART AND DENIED IN PART**. The Court hereby awards Plaintiff attorney's fees of $40,522.71 and costs of $20,289.50.

IT IS SO ORDERED this 3rd day of March 2010.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge